# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION MARTELL KING, | 1:07-cv-01283-AWI-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| AVENAL STATE PRISON, et. al., | (Doc. 2) |
| Defendants. | |

**I.   SCREENING ORDER**

Dion Martell King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff originally filed his complaint in the U.S. District Court in the Northern District of California on August 28, 2007. (Doc. 2.) The Northern District Court found Plaintiff's in forma pauperis affidavit deficient, and on August 31, 2007, ordered that the case be transferred to this District. (Doc. 1-4.) The case was opened and docketed by this Court on September 5, 2007.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5 1915(e)(2)(B)(ii).

6   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
7 exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
8 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
9 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
10 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's
11 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the
12 liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,
13 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not
14 supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union
15 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
16 (9th Cir. 1982)).

17   **B.**  **Summary of Plaintiff's Complaint**

18   At the time of the issues complained of in his complaint, Plaintiff was a state prisoner at
19 Avenal State Prison ("ASP") in Avenal, California.  At the time of filing his complaint, Plaintiff
20 was confined at California Correctional Institution in Tehachapi, California.  On January 11,
21 2008, Plaintiff filed a notice of change of address directing mail to be sent to a P.O. Box in
22 Imperial, California.  (Doc. 11.)

23   Plaintiff names ASP and California Department of Corrections ("CDC") as the
24 defendants in this action.  Plaintiff generally alleges that, on July 4, 2004, he began experiencing
25 severe chest pains which he reported to the building officer, who sent him to the MTA, where he
26 was prescribed ineffective Motrin without diagnostic efforts.  Plaintiff continued to be
27 symptomatic and eventually went "Man Down" such that he was transported to the main
28 infirmary where he was ultimately diagnosed with Valley Fever.  Plaintiff claims that he

contracted Valley Fever while working at the ASP chicken farm, and that the delay in diagnosis caused him to lose 25% if his right lung.  Plaintiff seeks monetary damages.

It should be noted that Plaintiff's complaint is composed of simply a chronological rendition of facts -- without delineating which facts he feels show violation(s) of any specific constitutional right(s).  The Court provides Plaintiff with the following law that appears to apply to his factual scenario.  However, if Plaintiff intended to pursue other constitutional violations, he must delineate them and correlate his claims for relief with their alleged factual basis.  Plaintiff may be able to amend to correct deficiencies in his pleading so as to state cognizable claims.  Thus, he is being given what appear to be the applicable standards based on his factual scenario and leave to file a first amended complaint.

### C. Pleading Requirements

#### 1. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff mentions Building Officer C.O. Potter and an unnamed M.T.A. in his factual statement, but fails to list either as defendants in the caption, or anywhere else in his complaint.

If Plaintiff intends to pursue claims against Building Officer C.O. Potter and/or the unnamed M.T.A., he must appropriately identify them as defendants in this action.  Also, if Plaintiff intends to pursue the unnamed M.T.A. as a defendant in this action, he would do well to list the M.T.A.'s name, or as much identifying information in connection with the M.T.A. as possible. Further, Plaintiff should clarify which defendant(s) he feels are responsible for any violation(s) of his constitutional rights, as his complaint must put each defendant on notice of Plaintiff's claims against them.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 2. *State Agencies as Defendants*

Plaintiff names ASP and CDCR defendants.

Plaintiff may not sustain an action against a state prison.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the CDC is a state agency, and ASP is a part of the CDC, they are both entitled to Eleventh Amendment immunity from suit.

### D.  **Claims for Relief**

### 1. *Deliberate Indifference to Serious Medical Needs*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

4

the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Further, deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). In order to state a claim for relief under section 1983 for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that each named defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

The allegations set forth in Plaintiff's complaint are insufficient to support a claim under the Eighth Amendment. Plaintiff might be able to state a claim if he is able to show that any of the prison personnel were aware that his symptoms were probably related to having contracted Valley Fever, and then deliberately took action which he or she knew would expose Plaintiff to an excessive risk of harm. Even if the M.T.A. missed possible implications of Valley Fever from

5

Plaintiff's symptoms on July 4, 2004, Plaintiff is advised that "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Further, to the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health.

Plaintiff has not stated a cognizable claim for violation of his rights under the Eight Amendment.

## II.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the

1  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

2  ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

3        Plaintiff is further advised that an amended complaint supercedes the original complaint,

4  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

5  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

6  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

7  original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d

8  at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

9  <u>Forsyth</u>, 114 F.3d at 1474.

10       The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified

11 by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff

12 may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

13 <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

14       Based on the foregoing, it is HEREBY ORDERED that:

15       1.    Plaintiff's complaint is dismissed, with leave to amend;

16       2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

17       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file

18             an amended complaint curing the deficiencies identified by the Court in this order;

19             and

20       4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

21             to state a claim.

23       IT IS SO ORDERED.

24       Dated:   **March 4, 2009**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE